# Exhibit "A"

Case 5:11-cv-00126-MTT    Document 15-1    Filed 11/02/11    Page 1 of 4

5161273-18

# AIRCRAFT PROMISSORY NOTE
(Fixed Note)

Principal Amount: **$160,900.00**                                             Dated: **October 14, 2004**

      FOR VALUE RECEIVED, **AIRCRAFT SALES GROUP, INC.** (the "Borrower"), promises to pay to the order of **SOVEREIGN BANK**, a federal savings bank, (the "Bank") at its offices at 75 State Street, Boston, Massachusetts 02109 or such other place as Bank may designate in writing, the principal sum of **One hundred sixty thousand, nine hundred and 00/100** Dollars (U.S.) (**$160,900.00**), or such other amount as is reflected upon the books and records of the Bank, with interest thereon from the date of advance, until paid, plus all expenses incurred by the Bank in enforcing collection of this Promissory Note (the "Note").

      Borrower agrees to pay interest on the unpaid principal balance at a rate of **Six and 00/100** percent (**6.00%**) per annum ("Note Rate") until paid. Borrower agrees to make **two hundred thirty nine (239)** consecutive equal monthly installments, of **$1,152.65** beginning on **November 14, 2004** and continuing on the same day or each succeeding month until **October 14, 2024** when Borrower shall make one (1) final payment in an amount equal to the outstanding balance of all principal and accrued interest. Interest under this Note is computed on the basis of a three hundred sixty (360) day year and the actual number of days elapsed.

      If a regularly scheduled payment is fifteen (15) days or more late, the Borrower will be charged five percent (5%) of the unpaid portion of the regularly scheduled payment or $10 whichever is greater. If the Bank demands payment of this Note, and the Borrower does not pay the Note within fifteen (15) days after the Bank's demand, the Borrower will be charged either five per cent (5%) of the unpaid principal plus accrued unpaid interest or ten dollars ($10), whichever is greater.

      As security for the payment of this Note and for the payment of all other liabilities, whether direct or indirect, absolute or contingent, now or hereafter existing, due or to become due, several or otherwise of the Borrower to the Bank (herein termed "Indebtedness"), Borrower has granted Bank a security interest in the property described in a certain Aircraft Security Agreement of even date herewith ("Aircraft Security Agreement"). In addition, Borrower does hereby pledge to the Bank all deposit accounts and other property of the Borrower now or hereafter in the possession, custody or control of Bank for any purpose. All of the foregoing described property is referred to herein as the, "Collateral". If the Borrower is an individual, the Collateral does not include any security interest in any real property or in personal property used or expected to be used as the Borrower's principal dwelling.

      Each of the following shall constitute an event of default ("Event of Default") under this Note:

      1. default in payment of this Note or any Indebtedness of the Borrower to Bank;

      2. breach of any of the terms of the Aircraft Security Agreement or other document given in connection with the Collateral;

      3. a lien or security interest attaches to the Aircraft, as defined in the Security Agreement;

      4. the security afforded by the Collateral at any time in the sole opinion of the Bank becomes insufficient;

      5. any material representation made by the Borrower or any guarantor to Bank for the purpose of obtaining credit appears to the Bank to be untrue;

      6. the commencement of a case under any federal or state bankruptcy or insolvency law by or against the Borrower or any guarantor;

      7. Borrower or any guarantor fails generally to pay its debts as such debts become due;

      8. Borrower and/or any guarantor, who is a natural person, dies;

      9. Borrower fails to notify the Bank of any material adverse change in its financial status; or

      10. The Bank in good faith deems itself insecure.

Upon the occurrence of an Event of Default, this Note and all Indebtedness shall, at the option of the Bank, become immediately due and payable in full without notice, presentation or demand for payment, all such being hereby waived by the Borrower and in such event, it is agreed that the Bank may exercise all rights and remedies available to it under the Aircraft Security Agreement or document relating to or otherwise securing any of the Indebtedness or, which may be available to Bank under the Uniform Commercial Code as in effect in the Commonwealth of Massachusetts or other applicable law. Delay or forbearance by the Bank in the exercise of any right granted hereunder shall not operate as a waiver thereof.

**[Optional No- Prepayment Penalty Provision]**
      This Note may be prepaid, in full or in part, at any time without penalty.

      Bank will apply all payments received under this Note first against accrued and unpaid interest, late charges, any costs, fees (including reasonable attorney fees and the allocable cost of the Bank's internal legal counsel) and/or expenses incurred under the Aircraft Security Agreement (plus any interest payable thereon) and the balance against principal. Bank's acceptance of any payment in an amount less than the amount due under this Note and/or the Aircraft Security Agreement shall not be deemed a waiver of an Event of Default.

      It is agreed that the Bank shall have the right at all times to hold or apply its own indebtedness or liability to the Borrower as security for, or in payment of, this Note either before or after its maturity, or in payment of the Indebtedness.

The loan transaction evidenced by this Note has been applied for, analyzed, approved and disbursed in the Commonwealth of Massachusetts. This Note shall be governed by the laws of the Commonwealth of Massachusetts.

If more than one party shall execute this Note, the term "Borrower" as used herein shall mean all parties signing this Note whether as maker or endorser and each of them, and all such parties shall be jointly and severally obligated hereunder. The Borrower hereby waives presentment, demand, protest and notice of dishonor and agrees that each Borrower, if more than one, shall not be released or discharged by reason of any execution, indulgence or release given to any person, or by the Bank's release, sale or non-action with respect to the Collateral or any guaranty or other undertaking securing this Note. If this Note is not dated when executed by the Borrower, Bank is hereby authorized, without notice to the Borrower, to date this Note as of the date when the principal balance hereunder has been initially advanced to or for the benefit of the Borrower. The Borrower shall not be obligated to pay and the Bank shall not collect interest at a rate higher than the maximum permitted by law or the maximum that will not subject the Bank to any civil or criminal penalties. If for any reason the Borrower is required to pay interest under this Note at a rate in excess of such maximum rate, the rate of interest shall be immediately and automatically applied to the reduction of the unpaid principal balance of this Note as of the date on which such excess payment was made. If the amount to be so applied to reduction of the unpaid principal balance exceeds the unpaid principal balance, the amount of such excess shall be refunded by the Bank to the Borrower. If any provision of this Note is unenforceable in whole or in part for any reason, the remaining provisions shall continue to be effective. Borrower acknowledges receipt of a fully completed copy of this Note.

**Waiver of Jury Trial.** The Borrower and the Bank acknowledge that the right to trial by jury is a constitutional one, but that it may be waived. Each party, after consulting (or having had the opportunity to consult) with counsel of their choice, knowingly and voluntarily, and for their mutual benefit, waives any right to trial by jury in the event of litigation regarding the performance or enforcement of, or in any way related to, this Note or the Indebtedness. This waiver constitutes a material inducement for the Bank to extend the loan and accept this Note.

ADDRESS:   2161 CR 540A, #285            BORROWERS: **AIRCRAFT SALES GROUP, INC.**
           Lakeland, FL  33813

                                         X_____
                                         By:     **Lance S. McDougle**
                                         Its:    **President**

**EIN Number:   20-1718454**

0671036.08 (rev. 2/04)

3